### JACKSON, USE &C. v. STANLEY.

1. A non-resident, commencing a suit by attachment, need not state the fact of his non-residence in the affidavit. If such is the fact, and no sufficient bond or affidavit is made, it may be pleaded in abatement.

2. The bond in such a case need not show that the sureties reside within the State; if such is not the fact, the proceedings may be abated.

3. The plaintiff is not required to be a party to the bond, required to be given by a non-resident, suing out an attachment against a non-resident.

4. There is no difference between a void bond and a defective bond, given for the prosecution of an attachment, and in either case, it is the duty of the Court to permit the plaintiff to substitute a sufficient bond.

Error to Henry Circuit Court.

THIS action was commenced in the Court below, by the plaintiff in error, by attachment, for the use of W. H. Wilder. The affidavit is made by one Davis, who declares himself to be the agent of Jackson, and concludes by averring that "Stanley resides out of the State, and has not sufficient property within the State of his residence, within the knowledge or belief of deponent, whereupon to satisfy said debt, and that an attachment is not sued out," &c.

The bond is executed by Wilder as principal, with W. G. N. Davis, and Charles Mills, as his sureties. The names being thus signed,

W. H. WILDER, [Seal.]
By his Agent W. G. M. Davis.

Jackson, use, &c. v. Stanley.

W. G. M. DAVIS, [Seal.]
Agent of B. G. Jackson, who
sues for the use of W. H. Wilder.
CHARLES C. MILLS, [Seal.]
By his agent W. G. M. Davis.

Upon this affidavit and bond, a writ of attachment issued against the estate of Stanley, which was returned executed; and a declaration was afterwards filed in the usual form. The defendant in attachment appeared by his counsel, and moved to quash the attachment—

1. Because Davis had no authority to act as agent, without producing his power.

2. The fact of the non-residence of the plaintiff, should have been disclosed in the affidavit.

3. The bond is defective in the following particulars—it does not show at whose suit the attachment was sued out—the residence of the obligors in the bond do not appear, and the Court can know it from no other source than the bond itself—that Davis has no power to bind the obligors in the bond as their agent, without an authority under seal, which should appear —that the bond has been materially altered by interlineation, since it was executed, and is therefore void. And thereupon the counsel for the plaintiff offered to prove that both the plaintiff Jackson, and Wilder were non-residents; and that Mills, the security, was a resident citizen of this State; and moved for leave to amend the attachment and proceedings, so as to make them conform to the truth of the case; which motion the Court refused, and quashed the attachment. To which judgment of the Court, the plaintiff prosecutes this writ of error, and now assigns for error.

1st. That the Court erred in refusing to permit the proceedings to be amended.

2nd. The Court erred in quashing the attachment.

PECK & CLARKE, for plaintiff in error.
PHELAN, contra.

ORMOND, J.—The objections to this attachment are, that the affidavit is defective in not stating that the plaintiff is a non-resident; and that the bond is void. Great strictness was formerly required in this State in the proceeding by attachment, and causes were frequently disposed of on mere technical objections, To remedy which, the Legislature declared that the attachment law should not be rigidly and strictly construed. Aik. Dig. 42. The effect of this law must be to place suits, commenced by attachment, on a footing with all other suits commenced in the ordinary mode; and considered in this light, no reason is perceived why a party suing out an attachment, should be required to show in the affidavit, any thing more than the statute requires, to authorize an attachment to issue. The act authorizes a non-resident, equally with a resident citizen, to commence a suit by attachment against one residing out of the State, by making an affidavit, which is prescribed by the law, and giving a bond with surety living in the State ; and there would appear to be no more reason in requiring the non-resident to state his residence in the affidavit, than to exact it from the resident citizen suing in the same mode. Under the old attachment law, which authorized only resident citizens to commence suits in this mode, it was never considered necessary, that the residence should appear in the affidavit; but it was sufficient, if that fact was shown in any part of the proceedings. See the case of Peters & Stebbins v. Bower, Minor's Rep. 69, in which it was held, that it would be sufficient, if the fact appeared by the indorsement of the justice of the peace.

The Circuit Court is a Court of general jurisdiction; the authority therefore to sue need not be shown, but must be questioned by plea in abatement—the foundation for the attachment having been laid, as in this case, by a proper affidavit, and sufficient bond.

The objections to the bond are, first, that it does not show at whose suit the attachment is sued out. This objection is incorrect in point of fact; the condition explicitly states, that the suit is commenced by Jackson for the use of Wilder. Second, that the residence of the obligors in the bond does not appear. We do not think it necessary that this fact should appear in

the bond. The statute requires, that surety residing within the State, should be given; and, for the reasons already given, the presumption must be, that such is the fact, as it is only on giving surety of this description, that the magistrate is authorized to issue the attachment. Should this not be the fact, the proceedings may be abated, and that whether the bond recited the fact, or, as in this case, was silent on the subject. Third, that Davis had no authority to bind the obligors in the bond, without an authority under seal, which should appear. It is true, that to bind them, by executing the bond in their names, he must have been legally empowered to do do so ; and it was the duty of the magistrate to have been satisfied that such was the fact, before he permitted the bond to be thus executed; but no reason is perceived why this should be a part of the bond. If the validity of the bond is questioned on that ground, he must doubtless show his authority to bind them ; but his assertion of the fact, in the bond itself, or in any other part of the proceedings, would be no proof of the fact, and would therefore be a mere idle act. He does assume to act as agent of the parties, and that is, *prima facie*, sufficient to authorize the issuance of the attachment. This objection however will be further considered in another part of this case.

The last objection to the bond is, it has been materially altered by interlineations since it was made, and therefore, is void. To make this objection available, it should appear what changes were made in the bond, after its execution, and by whom— for, if the alterations were made by a stranger, they might not affect its validity—or, if made by the consent of the obligors, would be free from objection. How the facts were, or whether the changes were sufficient to put the party relying on the bond, to proof of the fact, how, and by whose authority such alterations were made, after the execution of the bond, does not appear from the record. But, conceding such to be the fact, it was the duty of the Court to allow the plaintiff in the attachment, to substitute a new bond. This point was expressly ruled thus, in the case of Alford v. Johnson, 9 Porter, 320. A distinction was attempted to be drawn in this case, between a defective bond, and a void bond. The distinction, however, does not appear to be well founded. If there be a bond in

Jackson, use, &c. v. Stanley.

point of fact, which is not such an one as the statute requires, it is void, for all the purposes of the attachment; and is within the rule laid down, in Alford v. Johnson.

The statute, which authorizes a non-resident to commence a suit by attachment, against a non-resident, does not require that the plaintiff should be a party to the bond, to be given for the prosecution of the suit. Its language is, " Provided, that such non-resident shall give good and sufficient security, residing within this State, to be approved by the Judge of the County Court, &c. for the amount, and with the like condition, as required in other cases." (Aikin's Digest, 40, s. 9.) The reference here. is to the third section of the same act, which requires the plaintiff, his agent, attorney, or factor, to give bond in double the amount claimed, payable to the defendant, with condition to prosecute the attachment to effect, and pay the plaintiff all such damages as he may sustain, &c. It would appear from this law, that there was no necessity that the plaintiff should be a party to the bond, when he is a non-resident. Such a requisition would frequently deprive him of the right to sue in this mode. All he is required to do is to *give good and sufficient security, residing within the State;* and the third section is referred to, for the amount and condition of the bond, thus to be given for the indemnity of the defendant.

Under this view of the case, it becomes entirely unimportant, whether Davis was empowered or not to sign the names of Wilder and Jackson. The addition of their names certainly could not vitiate the bond. It is signed by the agent Davis, and by Charles C. Mills, by his agent Davis, who we must presume is a resident citizen, and a sufficient surety, as the bond is approved by the proper officer.

There does not appear, therefore, on the face of the bond, to be any objection to it. And if any instrinsic objection not brought to the view of this Court, exists to the bond as already stated, it was the duty of the Court not to quash for that defect, unless the plaintiff refused to remove the objection, by the substitution of a perfect bond.

Let the judgment be reversed. and the cause remanded.