## JONES v. POPE—WAFER v. POPE,

1. The want of a bond and affidavit, in a suit commenced by attachment, must be taken advantage of by plea in abatement, and it does not vary the case that the attachment is sued out against a non-resident.
2. On the trial of an issue between the garnishee and plaintiff in attachment, the fact of the indebtedness of the defendant to the plaintiff, is not involved.

ERROR to the Circuit Court of Macon.

Attachment by the defendant in error against Jones; Wafer being summoned as garnishee. The defendant in attachment failing to appear, a judgment by default was rendered against him. The garnishee appeared and answered, denying being indebted to the defendant in attachment. An issue was made up under the statute, and the jury found that he was indebted to the defendant in attachment.

Upon the trial of the issue, the plaintiff, among other testimony, produced and read to the jury, the writ, declaration and other papers in the attachment cause, but produced no judgment against Jones, the defendant in attachment, for any certain amount. The garnishee then moved the court to charge the jury, that unless the plaintiff produced a judgment in the attachment suit against Jones, defendant in attachment, they should find the issue for him; which charge the court refused, and he excepted.

A writ of inquiry being awarded, to ascertain the damages of the plaintiff in attachment, the defendant, Jones, was permitted to appear by attorney, and a jury being impanneled, returned a verdict in his favor for seven hundred dollars, for which judgment was rendered—and thereupon the court rendered a judgment against the garnishee for $684 76, the amount found by the jury against him on the issue, besides costs.

The assignment of error by Jones is, that the attachment was issued without any affidavit being made, or bond given.

And by the garnishee, that it was not shown on the trial of the issue, that judgment had been rendered for any particular sum.

HARRIS, for plaintiff in error.
PECK, contra.

ORMOND, J.—It is objected, that the attachment in this case was sued out without an affidavit or bond, as required by the statute, but we think this objection cannot be taken on error. The statute declares, "that every attachment issued without bond and affidavit, taken and returned as aforesaid, shall be abated on the plea of the defendant." [Clay's Dig. 55, § 3.] The design of the statute is clear. The attachment is merely process levied on the defendant's goods, instead of personal service. It is the substitute for the capias ad respondendum, and like that, if issued improperly, must be abated by plea.

It is not a valid argument, that the defendant may not have notice, and therefore, may not be able to plead in abatement. This must have been foreseen, as a probable consequence, when the attachment law was passed, as the non-residence of the defendant is one of the causes for which an attachment may issue. The bond which the plaintiff was required to give, was considered a sufficient indemnity, and in a proper case, where no notice, in fact, had been received of the pendency of the attachment, a court of chancery would interpose and prevent injustice from being done.

The indebtedness of the defendant in atachment, to the plaintiff, was, it is true, an indispensable pre-requisite to the rendition of judgment against the garnishee, but it was not a matter involved in the issue tried between the garnishee and the plaintiff in attachment, the whole object of which was, to ascertain whether the garnishee was, or not, indebted to the defendant in attachment. The issue being found for the plaintiff, ascertained the existence of the debt due by the garnishee to the defendant, and supported the levy of the attachment, and as the plaintiff subsequently recovered a judgment against the defendant, he was entitled to a condemnation of the debt ascertained to be due from the garnishee.

The result of this examination is, that there is no error in the judgment of the court below, and it is therefore affirmed.