# GRAHAM v. RUFF.

1. An allegation in an affidavit, made to obtain an attachment, that the person against whom the process is sought, "is a non-resident," is sufficiently certain.

Error to the Circuit Court of Montgomery.

THIS was an action commenced by the plaintiff in error, by attachment. The cause assigned for the suing out the attachment, in the affidavit, is, that the defendant is a "non-resident." For this cause the attachment was quashed by the Circuit Court. From this judgment this writ is prosecuted.

WILLIAMS, for plaintiff in error, argued, that the Court should not have quashed the attachment, but should have put the party to his plea in abatement. [6 Ala. Rep. 154.]

PRYOR, contra—Where the want of jurisdiction appears upon the proceedings, the Court may quash. He cited, 1 Sumner, 578; 6 Wheat. 450; 1 id. 92; 3 Dall. 382; 4 id. 12, 22; 8 Pet. 148

ORMOND, J.—The case of Wafer v. Pope, 6 Ala. Rep. 154, merely determines, that the want of an affidavit, or bond, cannot be assigned for error, in this Court, if the objection has not been taken in the Court below. The mode pointed out by the statute, of taking the objection, is by plea in abatement, and therefore a writ of error would not lie, for a refusal to quash. But if the Court thinks proper to act in this summary way, and repudiates the cause for want of jurisdiction, it cannot be assigned as error in this Court, if the cause was sufficient, as in that event the defendant has sustained no injury. We proceed therefore to consider, whether the cause assigned authorized the action of the Court.

One of the causes for which an attachment may issue, is, that "he or she resides out of this State." The cause assigned in the affidavit, is, that the defendant " is a non-resident." As the Legislature has declared, that " the attachment law of this State, shall not be rigidly and strictly construed," it becomes necessary to inquire, whether the language employed in the affidavit is of equivalent import, with the statutory requisition.

It is urged, that the term "non-resident," is equivocal, and may mean, that the person of whom it is affirmed, does not reside in a particular county, in the State of Alabama, or in the United States, and is therefore insufficient from its uncertainty. To ascertain the meaning, we must look at the context, and the purpose for which the allegation was made. The terms used, are found in an affidavit made to obtain an attachment, according to the law of the State, and as a non-residence in any particular county in the State, is not sufficient for that purpose, it is reasonably certain, that the plaintiff intended to swear, that the defendant did not reside within the State; and if, by fair and just interpretation, this must be understood to be its meaning, it is sufficient. To hold otherwise, would be to say, that it must be so certain as to

exclude every other conclusion, which would be a manifest violation of the statute.

If the defendant resides within this State, the plaintiff could not escape the force of this reasoning, but would be clearly guilty of perjury. It results from this, that the Court erred in quashing the attachment for this cause, and its judgment is therefore reversed, and the cause remanded.