# KIRKMAN & ROSSER vs. PATTON.

1. If an attachment be issued without the bond and affidavit required by the statute, it can only be abated on the plea of the defendant.
2. Until abated, it is valid, and its levy on the property of the defendant creates a lien, which cannot be displaced, or held for naught, merely by showing such irregularities in the process, as would have entitled the defendant in the writ to abate it on plea.

ERROR to the Chancery Court of Lauderdale. Tried before the Hon. D. G. Ligon.

ORMOND, for the plaintiffs in error.

L. P. WALKER, and WATTS & JACKSON, *contra.*

DARGAN, C. J.—The bill shows that several attachments were issued in favor of Kirkman, against Samuel Bromly, returnable to the Circuit Court of Lauderdale: That Robert M. Patton also issued an attachment against Bromly, returnable to the same term, but his attachment was levied before the attachments of Kirkman. At the appearance term, Bromly filed a plea in abatement to the writ of Patton, on the ground that it was issued without the affidavit and bond required by the statute; but an affidavit and bond afterwards appearing on file, the plea was withdrawn and judgment rendered in favor of Patton. The bill further alleges, that the affidavit which was produced was not made until some time after the writ had been issued, but that it was ante-dated so as to appear to have been made according to the requirements of the statute, which was a fraud upon the complainants, and enabled Patton to obtain priority over them in the application of the funds arising from the sale of the property. The prayer of the bill is, that the lien of the complainants be decreed to be prior to that of the defendant, Patton, and that the money be first applied to the satisfaction of their debt.

From the answer and evidence, we think these facts are established: that the bond was executed before the writ was issued, and that Patton was orally sworn to the facts set out in the affidavit, but that the affidavit was not reduced to writing until after the writ was issued and had been levied.

But, without regard to the questions arising upon the answer and proof, I am clearly of the opinion that the bill was properly dismissed, for the reason that it does not contain equity. If an attachment be issued without the affidavit and bond required by the statue, the writ can only be abated by plea of the defendant. Clay's Dig. 55; Jones v. Pope, 6 Ala. 154. Until abated, the writ is valid, and its levy on the property of the defendant creates a lien that cannot be displaced or held for naught merely by showing such irregularities in the process as would have entitled

the defendant in the writ to abate it on plea. If any such irregularity did exist in the issuance of the attachment of Patton, Bromly, the defendant, took no advantage of it, but suffered judgment to be rendered against him. This perfected the lien created by the levy, and as the judgment itself is not controverted, the lien cannot be, for the writ is not void, but could only have been abated by the plea of Bromly.

The decree of the chancellor, dismissing the bill, must be affirmed.