PEISER & BROTHER v. CUSHMAN & CO.

Although an agent have not such authority as enables him to sign the name of his principal to a bond to obtain an attachment, and the attachment be quashed on that account, yet, if he acted at the instance of his principal in procuring the issuance and levy of the attachment, a plea of reconvention against the principal will be good, if there was no reasonable grounds for suing out the attachment.

Appeal from Calhoun.

*F. S. Stockdale* and *W. P. Ballinger*, for appellants.

*W. S. Glass*, for appellees.

LIPSCOMB, J. This suit was brought by the appellees, against appellants, on a note of hand. The petition is in the usual form, setting forth the grounds of indebtedness, and the failure to pay. It prays citation against the defendants to appear, and judgment. It then prays the auxiliary writ of attachment against the goods of the defendants. This application for the attachment is supported by, first the affidavit of Montgomery that he is the agent for the plaintiffs, and his affidavit that defendants are about to remove their property from the State, &c. A bond is given, such as is required by the statute on obtaining an attachment, which is signed in the names of the plaintiffs by their agent Montgomery. A further bond is executed in the same way, as security for costs. The citation was served, and the attachment issued and levied on a stock of goods belonging to the defendants. The attachment was quashed on motion of the defendants' attorney, and the case then stood as an ordinary suit. The defendants pleaded, among other pleas, that they had sustained injury by the improper issuance of the attachment, and prayed compensation

Peiser v. Cushman.

thereon in reconvention. The plea in reconvention was stricken out on motion of the plaintiffs. In the motion to quash the attachment, one of the grounds assigned in support of the motion was a want of authority in Montgomery, the agent, to give the bond. In the judgment of the Court sustaining the motion, it is not stated on what particular ground the motion was sustained. It is, however, in a bill of exceptions tendered by the plaintiffs, to the quashing of the attachment, stated to be on the ground of a want of sufficient authority in the agent, to execute the bond.

The judgment of the Court below, in rejecting the plea in reconvention, was, that the agent had no authority to give the bond, and that the attachment was a nullity, for which the plaintiffs could not be responsible. Whether Montgomery had authority to give the bond or not, cannot be material. If he acted at the instance of the plaintiffs in procuring the issuance and levy of the attachment, the plaintiffs would be responsible for his acts so procuring the attachment. The plaintiffs never repudiated, but endeavored to sustained the acts of their agent in procuring the attachment for them. And if the defendants sustained injury from its being so obtained, when there was no reasanable grounds for believing that they were about removing the property from the State, it is but right and just that the plaintiffs should, under the plea in reconvention, be compelled to pay such damage. We believe the Court erred in striking out the plea in reconvention. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.