## WILLIAM WRIGHT v. WILLIAM A. D. SMITH.

Where the ground for attachment is, that the defendant is about to remove out of the State, it is not necessary to add that the plaintiff will thereby probably lose his debt ; such additional statement is only necessary where the ground is, that the defendant is about to remove his property beyond the limits of the State.

None but an intrinsic defect, or one which appears on the face of the bond, can be reached by a motion to quash an attachment ; objections to extrinsic defects, or objections which must be sustained or rebutted *aliunde*, must be taken by plea.

It is not necessary in the present aspect of the case on hand to intimate whether in our opinion, this principle from the law of agency, as to the effect of subsequent ratification, will apply to bonds taken as preliminary to an attachment.

Quere whether an agent or attorney cannot give bond, in his own name, with securities, in behalf of his principal, to obtain an attachment.

On a motion to quash an attachment, on the ground of defect in the bond, everything that appears on the face of the bond is admitted to be true ; this includes an admission of the authority of the agent or attorney, where the bond purports to be executed by agent or attorney ; and the agent or attorney will not be ruled, on motion, to produce his authority, which can only be questioned by plea.

Error from Lamar. Tried below before the Hon. William S. Todd.

The facts are stated in the Opinion.

*Mills & Mills,* for plaintiff in error, in a brief prepared before seeing the newspaper report of Messner v. Hutchins, in answer to the objection to the affidavit, cited Sydnor v. Chambers, Dallam, Dig. 601 ; and in answer to the objection as to the want of a showing of the agent's authority, argued that a subsequent ratification was sufficient ; citing Story on Agency, Sec. 239, 248, 265 ; Smith on Mercantile Law, 60 ; Paley on Agency, 171, 172, 211 ; 3 Mass. R. 68 ; 6 Id. 230 ; 10 Wend.

R. 218 ; 6 Mann. & Grang. 236. The case of Messner v. Hutchins, was cited in a note.

*Dillahunty & Wright*, for defendant in error, cited Drake on Attachments, Sec. 135 ; and argued that the most that could be claimed by the plaintiff, was time,to produce the authority; whereas here the plaintiff files a ratification, which makes no pretence that the agent had authority at the time of executing the bond.

HEMPHILL, CH. J.   This was a suit by Wright, the plaintiff in error, against Smith, the defendant in error, on a judgment from Virginia. An attachment was issued and levied on some slaves as the property of Smith. On motion, the writ of attachment was quashed, and the cause having been submitted to a jury, there was verdict for the plaintiff. The cause has been brought to this Court by the plaintiff on an assignment of error in quashing the attachment.

The grounds of the motion to quash were :

1st. That the affidavit was not in conformity with the Statute in this, that the affiant does not swear that thereby the plaintiff will probably lose his debt.

2d. That there was no bond given by the plaintiff, as required by the Statute.

The first ground is not well taken. The plaintiff had sworn that the defendant was about to remove out of the State,—not that he was about to remove his property. The plaintiff is not, by the Statute, required to swear that he will probably lose his debt, except where he swears that the defendant is about to remove his property beyond the limits of the State. (Hart. Dig. Art. 25; Messner v. Hutchins, 17 Tex. R. 597.)

The next ground, viz : that there was no bond given by the plaintiff, as required by the Statute, is of more importance.  .

The ground does not specify the objection to the bond. The language used would apply as well in case there was no bond, as where there was a bond, but not in conformity with the Stat-

ute. From the argument in this Court, it appears that the supposed defect in the bond is, that the attorney who signed the name of the principal to the bond, had no authority, or no letter of atttorney, authorizing him, as agent or attorney in fact, to execute the bond. It appears by a paper filed in the record, that the act of the attorney was subsequently ratified by the plaintiff, but it does not appear from the record whether this ratification was brought to the notice of the Court, or what facts, if any, extraneous to the bond itself, were brought before the Court on the motion to quash, or on what grounds the motion was sustained.

The main point, as presented by the record, is, whether the question of the authority of an attorney to sign a bond on behalf of his principal, can be considered and tried on a motion to quash ?

There can be no doubt that where there is no bond, or where the defect of the bond appears on its face, the attachment may, on motion of defendant, be quashed. The Statute declares " that every original attachment issued without bond and affidavit, taken as aforesaid, shall be abated on motion of defendant." (Hart. Dig. Art. 30.) But it is argued, and we think soundly, that none but an intrinsic defect, or one which appears on the face of the bond, can be reached by a motion to quash, and that an objection to an extrinsic defect, or one which must be sustained or rebutted by evidence *aliunde*, must be taken by plea. If so, there was manifest error in quashing the attachment on motion, as the fact of authority or not in the attorney, to execute the bond for the principal, was clearly *aliunde*, and depended on proof extrinsic of the bond. This point was also fully decided in Messner v. Hutchins, above cited. From the condensed report of that decision, it appears to have been held that where the bond purports to be the act of the plaintiff, by an attorney in fact, the authority of the attorney will be presumed, at least on a motion to quash on the ground of insufficiency of the bond. The ground should

be taken by plea, as the authority is a matter *aliunde*. The authorities cited in that decision, were Drake on Attachments, Sec. 135, and 9 Porter, 320 ; 2 Ala. 326. The rule, as deduced from the Section cited from Drake, is very accurately stated ; but that author says in continuation, that the utmost extent to which the Court would go, in such a case, would be to rule the party to produce the power of attorney under which he acted within a reasonable time, and he cites 5 Howard (Mi) 581 ; 6 Smedes & Marshall, 276 ; 2 Ala. 326. If the writer intended that on a motion to quash, the Court would rule the party to produce his power of attorney within a reasonable time, he is not, it is conceived, supported by the cases cited, at least not by those from 6 Smedes & Marshall, and 2d Ala. The case cited from 5th Howard, is not accessible and probably the reference of the author may have been more especially to that case. In the case of Spear et al. v. King, cited from 6 Smedes & Marshall, 276, the bond was signed and sealed by the agent and attorney of the principal. One of the grounds of the motion to quash, was for want of a sufficient bond. At the hearing of the motion, a rule was asked for against Topp (the agent) to show by what authority he sealed the bond for the plaintiff ; upon which he admitted that he had no power or authority under seal, to sign, seal and deliver the bond ; but that he was employed by plaintiffs in writing, by letter, as an attorney at law, to prosecute said suit, and that he was an attorney of that Court. The Court below dismissed the attachment. On appeal this judgment was reversed. It was held by the Court of Errors and Appeals, that the objection to the bond was not valid ; that in Linder v. Aaron, 5 How. 586, it was decided " that upon motion to dismiss the attach- "ment, the Court cannot look beyond the face of the bond "itself ; if it be valid upon its face, that is sufficient. The auth- "ority of the agent is matter *aliunde ;* and forms no part of the bond." The Court adds that if an action were brought upon the bond, the defendants could only avoid it on a plea of

*non est factum ;* and it is not competent to the Court upon mere motion, to enter into such examination. It is further said that " acquiescence under the act of the attorney or a subsequent recognition of it, would render it as obligatory upon the parties as a previous authority." It is not necessary in the present aspect of the case on hand, to intimate whether, in our opinion, this principle from the law of agency, as to the effect of subsequent ratification, will apply to bonds taken as preliminary to an attachment. But with reference to the question immediately before the Court in Mississippi, the case is decisive, that the fact of authority of the agent cannot be tried on a motion to quash.

In Jackson, use, &c., v. Stanley, 2 Ala., 326, the bond was executed by Wilder, as principal, with W. G. N. Davis and Charles Mills, as his sureties. The names of Wilder and Mills were signed by Davis as their agent, and he signed his own name as agent of B. G. Jolks who sued for the use of Wilder. One ground of the motion to quash was, that Davis had no authority to act as agent, without producing his power. The judgment of the Court *a quo* quashing the attachment was reversed ; the Supreme Court stating that the agent must show his authority if the bond was questioned on that ground ; but his assertion of the fact in the bond itself or other part of the proceedings, would be a mere idle act ; that he assumed to act as agent of the parties, and that was *prima facie* sufficient to authorize the issuance of the attachment ; that on the face of the bond, there was no objection to it. The Court also decided that as the Statute authorized the plaintiff, his agent, attorney or factor, to give the bond, there was no necessity that the plaintiff should be a party to the bond ; but, that being executed by the agent, with sureties, the bond was good.

On a similar Statute in Mississippi, it is held that a bond executed by an agent, in his own name, reciting the fact of his agency, is valid. (2 S. & M. 266 ; 4 Id. 683.)

The rule in Alabama has been uniform, that the authority

of an agent must be questioned by plea, or it will be presumed; (9 Porter, 320 ; 6 Ala. 154 ; 19 Ala. 32.)

It might perhaps be said, that by Statute in Alabama, it is declared that attachment, issued without bond and affidavit, shall be abated on plea of the defendant ; (Clay, Dig. 55, Sec. 3 ;) whereas by our Statute, the abatement is to be on motion of defendant. (Art. 39, Hart. Dig.)

The objection to the motion to quash, for want of authority in the agent to execute the bond, is not by the Court in Alabama, placed on the ground that by Statute the objection must be taken by plea, but on the ground that on a motion to quash, everything which appears on the face of the bond is admitted to be true. The authority of the agent is consequently an admitted fact, and cannot be contested on such motion.

Whether this distinction between motions and pleas is well taken is now too late to question. We are of opinion that the Court erred in quashing the writ of attachment on the motion, and that the judgment of the District Court dissolving said attachment, be in all things reversed.

　　　　　　　　　　　Reversed and remanded.