## FREE *vs.* HOWARD, Adm'r.

[ACTION COMMENCED BY ORIGINAL ATTACHMENT.]

1. *Attachment; how only can be abated.*—An attachment without affidavit and bond, can only be abated on plea of the defendant, filed at the return term. A motion to quash should be overruled.
2. *Clerical misprision; what will be held to be.*—The test of a writ of attachment being the words, "Witness, W. P. S., clerk of said *circuit* court," when the writ is returnable to the city court, and recites that complaint on oath had been made "to me, W. P. S., clerk of the city court;" the word circuit will be considered a mere clerical error, cured by the judgment, if not previously objected to. *Quere.*—Whether the clerk of the circuit court may not issue an attachment returnable to the city court within his county.

APPEAL from the City Court of Montgomery. Tried before the Hon. JOHN D. CUNNINGHAM.

The facts are sufficiently stated in the opinion.

FALKNER & MOLTON, for appellant. CHILTON & THORINGTON, *contra.*

B. F. SAFFOLD, J.—This suit was commenced by attachment by the appellee's intestate against the appellant, returnable to the October term, 1866, of the city court of Montgomery. The transcript shows that the affidavit was made before the clerk of the city court, and the ground for the issuance of the attachment was stated to be, that the defendant was endeavoring fraudulently and clandestinely to dispose of his effects. At the October term, 1867, the defendant moved to quash the attachment for want of a

proper affidavit and bond, and because those on file were illegal. This motion was overruled. At the October term, 1868, the court, on motion of the plaintiff, who is the appellee, rejected a paper purporting to be a plea in abatement for the reason that it was placed among the papers in the cause at the February term, 1868, and had never been marked filed by the clerk.

The motion to quash the attachment, for the reasons given, was properly overruled. An attachment issued without affidavit and bond can only be abated by plea of the defendant.—Rev. Code, § 2989 ; *Kirkman & Rosser v. Patton*, 19 Ala. 32 ; *Jones v. Pope*, 6 Ala. 154. That the bond and affidavit were illegal, without specifying in what particular, is the statement of a legal conclusion.

There was no error in rejecting the paper purporting to be a plea in abatement. It should have been filed at the return term.—Revised Code, § 2989 ; *Vaughan v. Robinson*, 22 Ala. 519.

The third assignment of error is not sustained by the record. The judgment entry recites that the complaint was duly filed at the return term, and the amended transcript shows a complaint.

The fourth assignment is not well taken. The action was founded on an instrument of writing ascertaining the plaintiff's demand, and the judgment could be entered by the clerk without the intervention of a jury.—Rev. Code, § 2770.

The fifth and sixth assignments are not sustained by the record. It is true, the test of the writ of attachment is in the words, " Witness, Wm. P. Smith, clerk of said *circuit court*," &c.;" signed " Wm. P. Smith, clerk." But the writ was returnable to the city court, and recited that complaint on oath had been made " to me, W. P. Smith, clerk of the city court." The use of the word " circuit " is so clearly a clerical error, which could have been amended if called to the attention of the court, that we can not allow the objection to prevail.—Rev. Code, § 2990.

*Quere*.—Whether the clerk of the circuit court may not issue an attachment returnable to the city court within his county.— Rev. Code, §§ 2929, 645, 771.

The judgment is affirmed.

NOTE BY REPORTER.—At a subsequent day of the term, Messrs. Falkner & Molton, for appellant, applied for a rehearing, arguing that the clerk of the city court had no authority to issue an attachment. The following response was made thereto, by

B. F. SAFFOLD, J.—The question presented by the appellant, in his application for a rehearing, was not made in the city court, and was not put in issue by his assignment of errors. His appearance and defense of the action gave the court jurisdiction of the cause, whether the process by which he was brought in was valid or void. A judgment has been rendered against him which entitles the plaintiff to subject the property attached to an execution. The authority of the clerk of the city court to issue an attachment may not arise again, and it is unnecessary to decide the question.

A rehearing is denied.

NOTE BY REPORTER.—At the same time with above case, there was decided another from the same court, submitted at the same time, involving the same questions, with but one exception, which appears in the opinion. It is accordingly here reported.