𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

TINGLE & ISHAM *v.* BRISON.

(Absent, JOHNSON, JUDGE.)

Decided November 30, 1878.

Where an attachment bond purports to be signed by the plaintiff in the suit, by an attorney in fact, the court will not sustain a motion to quash the bond for this supposed defect. If the attorney in fact had no authority to sign the plaintiff's name, this can only be taken advantage of by plea in abatement, if it can be taken advantage of at all.

1878
Special Term.

Writ of error to a judgment of the circuit court of Harrison county, rendered on the 4th day of December, 1873, in an action in said court then pending, wherein George R. Tingle and William R. Isham were plaintiffs, and James E. Brison was defendant, awarded on the petition of the said Brison.

Hon. C. S. Lewis, late judge of the second judicial circuit, rendered the judgment complained of.

GREEN, PRESIDENT, furnishes the following statement of the case:

Tingle & Isham brought on September 30, 1873, an action of *assumpsit* in the circuit court of Harrison county against James E. Brison for goods, wares and merchandize sold him, amounting to $365.57, and at the time the summons was issued the proper affidavit was made by one of the plaintiffs as a basis for an attachment, on the ground

that defendant had left, or was about to leave, this State with intent to defraud his creditors, and had disposed of his property with this intent, and setting forth the material facts, on which the plaintiffs relied to show the existence of the grounds, on which the attachment was asked. These facts were, as stated, sufficient to justify the issuing of the attachment on the alleged grounds. An attachment bond was executed at the time, which was in proper form, but it was signed "George Tingle (seal) by W. V. Hoge, attorney in fact; Wm. R. Isham (seal) by W. V. Hoge, attorney in fact; Wm. V. Hoge (seal.)" Thereupon the order of attachment was issued in regular form, which order was levied on the stock of goods of the defendant in said county. An order for the arrest of the defendant on proper affidavit was also made; and he was arrested and gave bond, as provided by law. The declaration was regularly filed, and judgment rendered for plaintiff on December 2, 1873, for $374.30 with interest from December 2, 1872, and costs.

On November 28, 1873, the defendant moved to quash the attachment, which motion was again made on December 5, 1873. It was based on the insufficiency of the bond filed at the time of suing out the attachment, the bond appearing to be signed and sealed by W. V. Hoge, attorney in fact for the plaintiffs, and no power of attorney, or other authority, from the plaintiffs being filed at the time of suing out the attachment, or at any time since, authorizing W. V. Hoge to execute this bond. The court overruled this motion; and the defendant then moved the court for an order restoring to the defendant the possession of the property taken under the attachment, because of the insufficiency of the bond; and the plaintiffs then produced a paper under the hand and seal of George R. Tingle, which in the name of Tingle & Isham purported to ratify and confirm this attachment bond. This paper was signed December 1, 1873, which paper the court permitted the plaintiff to file, though it was objected to by the defendant. And

the court, being of opinion that this paper made the attachment bond filed in the case good and sufficient, overruled the defendant's motion for an order restoring the attached property. The defendant then moved the court to quash the attachment, because the affidavit, on which it was based, was insufficient, which motion the court overruled. Mrs. Brison, the wife of the defendant, then by her petition set up a claim to the property attached. Which claim was tried by a jury who found that she had no valid title or interest in the property attached as against the debt of the plaintiffs, Tingle & Isham. Several exceptions were taken by her during the trial of this question; but as she has not obtained a writ of error, it is unnecessary to notice them. The court then ordered the sheriff to sell the attached property, and apply the proceeds to the plaintiffs' debt. And to this judgment of the court a writ of error was granted on the petition of the defendant, Brison.

*Daniel Lamb* for plaintiff in error.

*John Bassel* for defendants in error.

GREEN, PRESIDENT, delivered the opinion of the court.

The petition for a writ of error is based entirely on the insufficiency of the attachment bond, and the refusal of the court on that ground to quash the attachment, and order the attached property to be restored, and on the court's permitting the plaintiff at the trial to confirm and ratify this attachment bond, which had been signed in their names by Wm. V. Hoge without any previous authority from the plaintiffs. The defendant does not in this court urge, that the court erred in refusing to quash the attachment because of the insufficiency of the affidavit on which it was based. This affidavit was clearly sufficient; and this ground tor asking the attachment to be quashed is wisely abandoned by the defendant's counsel in this Court. It is well settled too, that on a motion to quash an attachment because of the insufficiency of the

bond, on which it is based, the court cannot look beyond the face of the bond itself; that none but an intrinsic defect, that is, one which appears on the face of the bond, can be reached by a motion to quash, and that objection based on an extrinsic defect, that is, a defect which must be sustained or rebutted by evidence *aliunde,* must be taken by plea.

The objection urged in this case to the attachment bond is based on an extrinsic defect, the want of authority in the agent, who signed it, to execute it. This authority is matter *aliunde,* and forms no part of the bond. If this bond were sued on, the plaintiffs in this suit, in whose names it was signed, could only avoid it by the plea of *non est factum,* if at all. Without such a defense sustained by them, they would be held bound, and it may be they could not even make such defense, if they had approved and prosecuted the attachment.

On the face of this bond they are bound. And therefore the bond being in due form and valid and binding on its face on all the parties, in whose name it was signed, it cannot be quashed by the court on a mere motion to quash. Such an objection, if it can be taken advantage of at all, can only be taken by a plea on the trial, of which it would be for a jury to determine, whether on the facts proven the parties, whose names were to the bond, were or were not bound. It has been accordingly held, that where, as in the case under consideration, the bond purports to be the act of the plaintiffs by an attorney in fact, the court on a motion to quash, or a motion to restore the property seized, which is equivalent, can not hold the bond to be a nullity, because no power of attorney under seal to execute the bond is produced. But if the authority to execute the bond is called in question, it must be by plea, if it can be questioned in any form. See *Alford* v. *Johnson,* 9 Porter 320; *Messner* v. *Hutchins,* 17 Tex. 597; *Wright* v. *Smith,* 19 Tex. 297; *Lindner* v. *Aaron & Nelson,* 5 How. (Miss.) 581; *Spear* v. *King,* 6 S. & M. 276; *Jackson* v. *Stanley,* 2 Ala. 326; *God-*

*dard* v. *Cunningham*, 6 Iowa 400 ; *Messner* v. *Lewis*, 20 Tex. 221.

It is true, that in the case of *Lindner* v. *Aaron & Nelson*, 5 How. (Miss.) 586, Mr. Justice Trotter did say, that "the utmost extent, to which the court would go in such case, would be to make a rule upon the party to produce the power or warrant of attorney within a reasonable time." But this was an *obiter dictum*, and is not reconcilable with the decisions before referred to or the principle on which they are based, as it would be idle for the court to rule the party to produce the power of attorney, under which the agent acted in a reasonable time, if the court could not quash the bond, though it was not produced, as clearly it could not from the above decisions. And this intimation by Justice Trotter is especially irreconcilable with the subsequent decisions in Mississippi.

In *Dove* v. *Martin*, 23 Miss. 588, it was decided, that a plea in abatement, that the attachment bond was not executed by the plaintiff or his lawful agent, and that the plaintiff had not ratified its execution, was properly rejected because the plea did not deny, that the attachment was brought, and was prosecuted with the plaintiff's knowledge and consent, which, the court held, would make the bond binding on the plaintiff. It was expressly decided in *The Bank of Augusta* v. *Conrey*, 28 Miss. 671, that the appearance of the plaintiff in court and prosecuting the attachment must be regarded as a full recognition of the agent's authority to sign the name of the plaintiff to the bond, and would estop him in an action on the bond from contesting its validity.

It may well be questioned whether these Mississippi cases have not gone too far ; for though the plaintiff may be responsible in some form, when he appears and prosecutes the attachment thus commenced by a person assuming to act as his agent, yet this responsibility may not be in a suit on the bond but in another form. See *Peiser & Brother* v. *Cushman & Co.*, 13 Tex. 390.

In Arkansas it has been decided, that a subsequent ratification by the plaintiff will sustain the bond, which has been executed in the plaintiff's name by one assuming to be an attorney in fact, and that therefore a plea in abatement, which simply alleged want of authority in the agent, was insufficient; but such plea should go further, and allege, that the bond was not subsequently ratified. See *Mandel* v. *Peet*, 18 Ark. 236. But in Louisiana it is held, that a subsequent ratification of an unauthorized act of a party in signing the name of the plaintiff to the bond will not remedy the defect. See *Grove* v. *Harvey*, 12 Rob. (La.) 221. But be this as it may the authorities as well as reason show, that want of authority in an attorney in fact to execute an attachment bond can not be taken advantage of by a motion to quash the bond, or to return the attached property. Of course, therefore, the permitting the plaintiff to produce a ratification of the bond on such a motion is not an error, of which the defendant can complain. It was unnecessary on such motion to prove such ratification; and of course the proof could not injure the defendant.

The judgment of the circuit court of Harrison county must therefore be affirmed; and the defendants in error must recover of the plaintiff in error, James E. Brison, their costs expended in this Court and $30.00 damages.

JUDGES HAYMOND AND MOORE CONCURRED.

JUDGMENT AFFIRMED.