# Wright *v.* Smith.

*Action on Promissory Note, commenced by Attachment..*

1. *Affidavit for attachment; when made.*—An attachment, when issued without the necessary statutory affidavit (Code, §§ 3255, 3257), may be abated on plea; and the affidavit, though it may be made before, or at the time the writ is issued, cannot be supplied afterwards.

2. *Same; before whom made.*—An affidavit for an attachment may be made before any officer authorized by law to administer oaths, and it is not necessary that it should be made before the officer by whom the writ is issued, though that is the general practice.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES E. COBB.

This action was brought by Mrs. R. D. Smith, against John P. Wright; was founded on the defendant's promissory note for $150, dated the 5th January, 1877, and payable ten months after date; and was commenced by original attachment, issued on the 15th December, 1877, by the clerk of the Circuit Court of said county of Macon, on an affidavit made and subscribed by the plaintiff, on the 14th December, 1877, before the clerk of the Circuit Court of Bullock county. The defendant filed three pleas in abatement; the first averring that the attachment was issued without any affidavit as required by law; the second, that it was issued without any affidavit (or affirmation) made and subscribed before the officer by whom the writ was issued; and the third, that it was issued without any other affidavit than that made and subscribed before the clerk of the Circuit Court of Bullock, which was set out in the plea. The judgment-entry recites, that the defendant filed his *plea* in abatement, to which the court sustained a demurrer; and issue being then joined on the plea of *non est factum,* there was a verdict for the plaintiff, and judgment thereon in proper form. The judgment on the demurrer to the plea (or pleas) in abatement is now assigned as error.

(35)

[Wright v. Smith.].

W. C. BREWER, for appellant.

. ABERCROMBIE & GRAHAM, and J. A. BILBRO, *contra*.

BRICKELL, C. J.—An attachment, issuing without the affidavit required by law, is subject to abatement, on the plea of the defendant.—*Jones v. Pope*, 6 Ala. 154 ; *Kirkman v. Patton*, 19 Ala. 32. The statute is imperative, that the affidavit must be made, prior to, or cotemporaneous with the issue of the writ—it cannot be made subsequently, though, if erroneous in form, it may be amended. The definition of an affidavit, approved by this court in *Watts v. Womack*, 44 Ala. 607, is, "an oath in writing, sworn before some judge or officer of a court, or other person legally authorized to administer it ; a sworn statement in writing." The duty the statute devolves on an officer, issuing an attachment, is the requisition of the plaintiff, or of his agent or attorney, of an oath in writing, subscribed by the affiant, stating the amount of the debt or demand, the cause or ground for the issue of the writ, and a disavowal of a purpose to vex or harass the defendant. When this oath is made, and reduced to writing, the statute is satisfied, and the right to the issue of the writ is perfected. The issue of the writ is the exercise of power in its nature judicial.—*Matthews v. Sands*, 29 Ala. 138. The purpose of the affidavit is to satisfy the conscience of the officer, that a state of facts exists, in which the plaintiff has a right, and it is his duty to issue extraordinary process for the seizure of the property of the defendant.

The statute is silent, as to the officer before whom the affidavit must be made ; though the practice has been, and it is usually more convenient, to make it before the officer issuing the writ. All officers, who have authority to issue the writ, have also authority to take affidavits, in all cases in which by law they are required, unless there be some special provision to the contrary. The precise point of controversy now raised is, that the affidavit was made before the clerk of the Circuit Court of Bullock county, and the writ was issued by the clerk of the Circuit Court of Macon county. Clerks of the Circuit Court have a general authority "to administer oaths, and take affidavits, in all cases in which the authority to administer such oath is not confined to some other officer." Code of 1876, § 676. The statute does not confine, does not limit or restrain to the officer issuing an attachment, the authority to take the affidavit. All its requisitions are, that the affidavit shall be in writing, subscribed by the affiant, stating the amount of the debt or demand, a sufficient cause for the issue of the writ, a negative of a purpose ·to vex or

harass the defendant, and shall have been made on oath, before an officer having authority to administer it. Then, the conscience of the officer is informed of the right to, and necessity for the writ, and upon it he is bound to act, as fully bound as if he had taken the affidavit.

Affirmed. •