C. B. CARTER LUMBER CO. V. ANTONIA DE GRAZIER.

(No. 2371.)

APPEAL from Kaufman County.   Opinion by WILL-
SON, J.

T. L. STANFIELD, MANION & HUFFMASTER, and ALLEN
& VESEY, counsel for appellant.

WORD & CHARLTON, counsel for appellee.

§ 176. *Attachment; affidavit for, by treasurer of a
private corporation, held sufficient; case stated.*   Appel-
lant sued appellee in the county court to recover an
alleged indebtedness, and sued out an attachment which
was levied upon certain real estate belonging to appellee.
The affidavit for the attachment was made by B. M. Car-
ter, who stated therein that he was the treasurer of the
C. B. Carter Lumber Co., which company was alleged in
the petition to be a private corporation incorporated un-
der the general incorporation law of this state.   Upon
motion of appellee the attachment was quashed upon the
ground that said affidavit did not show upon its face that
it was made by the plaintiff, his agent or attorney.   *Held*,
error.   If B. M. Carter, the affiant, was treasurer of said
corporation, he was a member thereof, because the law
creates said office of treasurer, and requires that it shall
be filled.   [R. S. art. 580.]   *Prima facie*, said B. M. Car-
ter is one of the plaintiffs in this suit, and entitled to
make the affidavit, and his authority to do so cannot be
questioned by a mere motion to quash.   [Evans v. Law-
son, Smith & Co. 64 Tex. 199; Messner v. Lewis, 20 Tex:
222; Messner v. Hutchins, 17 Tex. 597; Baker v. Stew-
art, 4 Tex. Law Rev. 243; W. & W. Con. Rep. § 830.]

§ 177. *Homestead right; county court cannot adjudicate.*
Appellee pleaded and claimed that the real estate levied
upon under the attachment was his homestead, and
therefore exempt.   This plea upon exception made thereto

by appellant was stricken out. *Held* correct. The county court was without jurisdiction to entertain and determine said plea, as it involved title to land. [W. & W. Con. Rep. § 1061.]

November 17, 1886.            Reversed and remanded.