T. M. TUCKER, Governor; *vs.* CHARLES M. HART and others.

The statute (How. & Hutch. 729,) requires that the keeper of the peniten-
tiary shall execute a bond to this state, with security, conditioned for the
faithful performance of the duties of his office, and a bond, executed by that
officer to the governor of the state and his successors in office, *is not a valid
statutory bond, and cannot be sued upon in the name of the governor.*

A demurrer, in whatever stage of the pleadings it is taken, reaches back, in
its effect, through the whole record, and, in general, attaches ultimately
upon the first substantial defect in the pleadings, on whichever side it may
have occurred.

Therefore, where the declaration is defective, and the plaintiff demurs to the
plea of the defendant, the demurrer should be applied to the declaration.

IN error from the circuit court of Hinds county; Hon.
George Coalter, judge.

The facts of the case are sufficiently stated in the opinion
of the court.

*J. D. Freeman,* attorney-general, for plaintiff in error,
Cited H. & H. Code, 990, sec. 37; Ib. 988, sec. 21 – 37, &c.

*D. W. Adams,* for defendants in error,
Cited H. & H. Code, 729, sec. 21 – 28; 1 Chit. Plead. 362;
*Childress* v. *Emory,* 8 Wheat. 642; Bacon's Abridg. Debt, F.

Mr. Justice FISHER delivered the opinion of the court.

This is a writ of error to the judgment of the circuit court
of Hinds county.

On the 18th day of February, 1840, Charles M. Hart was
elected keeper of the penitentiary of the state; and on the
26th of the same month executed his bond, with certain
securities, in the sum of $25,000, payable to Alexander G.
McNutt, as governor of the state, and his successors in office,

Tucker *v.* Hart et al.

conditioned for the faithful performance of the duties of the office, according to law.

At the December term, 1842, of the circuit court of Hinds county, a suit was instituted upon the said bond for the recovery of the penalty, to be discharged by the payment of such damages as had been sustained by reason of the several breaches assigned in the declaration. The defendant, Stewart, after oyer craved by all the defendants, demurred generally to the declaration.

The other defendants filed pleas to the breaches assigned in the declaration, and the attorney-general, on behalf of the plaintiff, demurred to the first, second, third, fourth, and fifth pleas. The court below, looking through the whole record, sustained the demurrer as to the declaration, and ordered the cause to be dismissed. This judgment constitutes the only error complained of.

The first question presenting itself for consideration is, What defect or error was reached by the plaintiff's demurrer to the defendants' pleas? " A demurrer, in whatever stage of the pleadings it is taken, reaches back in its effect through the whole record, and in general attaches ultimately upon the first substantial defect in the pleadings, on whichever side it may have occurred." Applying this rule to the case now before us, we are led to the examination of the plaintiff's cause of action, as well as the manner in which it is presented by his pleadings to the court. The bond sued on is the foundation of the action, and it is proper to inquire whether the plaintiff, as the successor of governor McNutt, can prosecute an action for a breach of the condition of this bond. The statute says that the agent of said person, before entering on the discharge of the duties of his office, shall execute a bond to this state, with sufficient sureties, &c., in the sum of $25,000. H. & H. 729, sec. 18. The statue clearly means that the bond shall be made payable to the state, and not to the governor. It is, therefore, not a statutory bond, and cannot be sued upon in the name of the plaintiff as successor to governor McNutt.

Under this view of the question, the judgment of the court below, in sustaining the demurrer to the declaration, was correct.

Let the judgment be affirmed.