Summers *v.* Foote.

————

JOHN SUMMERS *vs.* HENRY S. FOOTE, Gov., &c.

Whenever the plaintiff finds it necessary to amend his pleadings, after a judgment by default, and a writ of inquiry to enable him to recover, he thereby gives the other party a right to plead, as he could have done in the first instance to the action.

The bond in this case, not having been taken as the statute requires, could not have been sued on in the name of the governor's successors. *Tucker*, Gov. &c., v. *Hart*, 23 Miss. R. 548, cited and confirmed.

IN error from the circuit court of Pike county; Hon. John Watts, judge.

This suit was commenced on the 7th day of October, 1853, of Pike circuit court, in the name of "Henry Stuart Foote, governor of the State of Mississippi, and successor in office of Joseph W. Matthews, late governor of said State," to whom the bond sued on was made payable, against a certain Jonas S. Parker, principal, and the plaintiff in error as security. The bond sued on is called a bridge bond, — the penalty, $3,000; and was executed by Parker, the undertaker, with the plaintiff in error as security. At the October term of said court, 1853, the defendant, Parker, appeared, and filed his demurrer, and, by consent of counsel, the cause was continued as to him, and the plaintiff below took judgment by default against the defendant, John Summers. At the April term of the court, 1854, (on the 19th day of the month,) when the cause was called, the counsel for Parker asked the judgment of the court upon his demurrer, which the plaintiff avoided by dismissing as to Parker. The plaintiff afterwards asked, and obtained leave of the court to amend his declaration, by inserting in the body thereof, immediately succeeding where the word "plaintiff" in the complaint first occurs, "who sues for the use of the board of county police of the county aforesaid," which amendment was made. By the amendment, the board of police of Pike county became the usee in the action and real plaintiff. The defendant Summers then appeared by his counsel, and moved the court to set aside the judgment by default rendered against him at the preceding October term, as per reasons embraced in his affidavit filed, which motion was overruled by the court. He then filed his demurrer to the complaint as amended, which demurrer the court declined to entertain, to which he excepted. The cause was then submitted to a jury, and after all the evidence was heard offered by the plaintiff below, the plaintiff in error demurred to the evidence, which demurrer the court refused to consider, to which he excepted. Thereupon the jury retired, and returned a verdict of $400 for the plaintiff. The plaintiff in error made a motion for a new trial, which was overruled by the court, to which he excepted.

*O. E. J. Stewart,* for appellant,

Cited and commented on Hutch. Code, 852, 853, § 10; Ib. 254, § 27, 28; Ib. 709; Ib. 256, § 36; Ib. 259, § 1; *Tucker,* Gov., &c., v. *Hart,* 23 Miss. R. 548.

*Boyd* and *Davis,* on the same side.

*John T. Lamkin,* for appellee,

In reply, cited and commented on *Peyton* v. *Scott,* 2 How. R. 370; *Lynch* v. *Com. Sinking Fund,* 4 Ib. 377; 1 S. & M. 307; 6 Ala. R. 327; Smedes' Dig. 41; 1 U. S. Dig. 162, and authorities cited; *Archer* v. *Stamps,* 4 S. & M. 352; *Thompson* v. *Williams,* 7 Ib. 270; *Emmanuel* v. *Laughlin,* 3 Ib. 342; *Howard* v. *Brown,* 8 Shep. R. 385; 1 U. S. Dig. 307; 17 Wend. 67; 26 Ib. 502; 6 Port. R. 335; 1 Cheeves, R. 180; 1 Appl. R. 322; 1 U. S. Dig. (sup.) 308; 4 Ired. R. 140.

Mr. Justice FISHER delivered the opinion of the court.

This was an action in the circuit court of Pike county, founded upon a bond executed by one Jonas Parker, as principal, and the plaintiff in error as surety, payable to Joseph W. Matthews, as governor of the State, and to his successors in office.

Parker had undertaken, in virtue of a contract entered into with the board of police of Pike county, to construct and keep in repair a certain bridge for the period of five years. The object of the bond was, to bind the undertaker in a certain penalty, under certain conditions, and with security, to perform and carry out the terms of this contract. The suit was brought in the name of Governor Foote, as successor of Governor Matthews. Parker, the principal, appeared and demurred to the declaration; the other defendant not appearing, a judgment by default, with a writ of inquiry, was taken against him. After this judgment, the plaintiff amended his declaration, or complaint, by inserting the board of police of said county as usees in the action. After this amendment, the plaintiff in error applied for leave to demur to the complaint, which was refused by the court. The action was thereupon discontinued as to Par-

ker, the principal, and the writ of inquiry executed as to the plaintiff in error.

Whenever a plaintiff finds it necessary to amend his pleadings after a judgment by default and writ of inquiry to enable him to recover, he thereby gives the other party a right to plead, as he could have done in the first instance, to the action. The very defect in the plaintiff's pleadings, may have been the cause of the defendant's supposing a defence unnecessary, as without the amendment there may have been no cause of action shown against the party.

We are therefore of opinion, that the court erred in refusing to permit the defendant to demur to the complaint as amended. We may further remark on the case, that it is covered, as to the other points, by the case of *Tucker, Gov., &c.,* v. *Hart et al.,* 23 Miss. R. 548. The bond, not having been taken as required by the statute, could not be sued on in the name of Governor Matthews' successor.

Judgment reversed, and cause remanded, with leave to plaintiff in error to demur to the complaint.