THE COUNTY OF DE SOTO *v.* J. W. DICKSON and his sureties.

1. TAX COLLECTOR: OFFICIAL BOND TAKEN FOURTEEN MONTHS AFTER ELECTION PRIMA FACIE INVALID.—*Prima facie* a tax collector's bond executed fourteen months after the date of his election is invalid, and no recovery can be had thereon, unless the special circumstances authorizing the taking of the bond at that time be shown.  See Hutch. Dig. 481, Art. 9.
2. BOND: WORD OMITTED, SUPPLIED BY CONSTRUCTION.—The omission of a necessary word in the condition of a bond, if it be clearly understood from the context, will not vitiate the bond.

IN error from the Circuit Court of De Soto county.   Hon. P. T. Scruggs, judge.

*T. J. Wharton,* Attorney-General, for plaintiff in error.

*H. W. Walter* and *J. K. Connelly,* for defendant in error.

PER CURIAM.

This was a motion against the defendant, Dickson, and his securities, on his official bond, as tax collector of De Soto county, in the

Circuit Court, for a judgment on account of taxes alleged to have been collected and not paid into the treasury of the county by said collector.

The defendants, after craving oyer of the bond, and the indorsement thereon, pleaded that the bond was not in a penalty equal to the amount of the assessment roll with ten per cent. thereon, and that the oath required to be taken by the collector is not indorsed on the bond; at least, this is the point intended to be presented by the plea.

To this plea the District Attorney demurred, and the court sustaining the demurrer, and the District Attorney declining to plead over, a final judgment was rendered for the defendants.

The demurrer, under a well-settled rule extending to the first error of the party demurring, was, in our opinion, properly sustained. The bond appears to have been executed on the 1st day of January, 1855, and the collector appearing to have been elected at the November election, 1853, it is *prima facie* invalid, as nothing appears in the record which authorized the taking of the bond at that time. It may be true that the special circumstances justifying the officer in taking the bond, would have been sufficient, if they had been replied; but nothing being replied to authorize the act, we must presume that nothing existed; and, under this view, without noticing the other points, we think the court below committed no error in overruling the demurrer. It is said that there is no condition to pay the taxes of the county into the treasury. We think this is manifestly a clerical error, and would not vitiate the bond.

The word county is clearly understood in the condition. The language on this subject is as follows: "Now, therefore, if the said Jacob W. Dickson shall faithfully keep until bound by law to pay the same over, all the taxes assessed in his county for the State and county purposes, and shall pay into the *treasuries* of the State, *and* ———, to which said *treasuries* shall be entitled, *respectively, according to law*," &c., then, &c. The word "*county*" is clearly understood after the word "*and*," last above quoted. "*Treasuries*" and "*respectively*" would both be unmeaning words without this construction. We, therefore, do not agree with counsel on this point.

Judgment affirmed.