THEODORE SHAW *et al. v.* ALFRED BROWN *et al.*

1. PLEADING: MOTION TO STRIKE OUT. — A plea, however defective it may be in form, if it be appropriate to the form of action, cannot be stricken out on motion.

2. SAME: AFTER DECLARATION AMENDED DEFENDANT MAY PLEAD IN ABATEMENT OR BAR. — An amended declaration becomes to all intents and purposes a new declaration, and the defendant, though he has already answered to the merits on the original declaration, may plead either in abatement or bar, or may demur.

3. ATTACHMENT: NON-JOINDER OF PARTIES. — An attachment must be sued out in the name of all the parties in interest, and the parties in the declaration must conform to those mentioned in the affidavit and writ. If a party plaintiff be omitted in the writ and affidavit, the court will allow them to be so amended as to bring in the proper parties.

4. PLEADING: AFFIDAVIT OF MERITS AFTER DEMURRER TO DECLARATION OVERRULED. — On overruling a demurrer to the declaration, the affidavit of merits required by the statute need not state that "the defendant has a meritorious defence:" it is sufficient if it sets out the grounds of a legal defence to the action.

5. SAME: AFFIDAVIT OF MERITS NOT NECESSARY WHEN DEMURRER IS CONFESSED. — No affidavit of merits is required, by the statute, of a defendant to enable him to plead, when the demurrer to the declaration has been confessed.

ERROR to the Circuit Court of Wayne county. Hon. Wm. Hancock, judge.

Alfred Brown, one of the defendants in error, sued out an attachment before a justice of the peace against plaintiffs in error. The causes for which the attachment was sued out are stated in the opinion of the court. The attachment was levied, and returned to the March Term, 1866, of the Circuit Court of Wayne county. At the September Term a declaration was filed in the name of Alfred Brown, administrator, and Mary Patton, administratrix, of John C. Patton, deceased, against Shaw and

Avera. Shaw, who was served with process, appeared and demurred, because of the variance between the writ of attachment and the declaration. The demurrer was confessed, and leave given to amend. The amendment having been made, Shaw pleaded a traverse of the causes for which the attachment was sued out as to him. Defendants in error moved to strike out this plea, because the plea was pleaded after a plea to the action. The motion was sustained, and Shaw excepted.

Avera appeared and demurred to the amended declaration, because the attachment was sued out in the name of Alfred Brown, administrator, and the declaration was in the name of said Brown and Mary Patton. The demurrer was overruled, and leave given to Avera to plead over. The record then contains the following : " And the defendants having filed their plea in abatement to the jurisdiction of the court, which on motion of plaintiffs to strike out was sustained, and the defendant failing to plead further, it is therefore considered by the court that judgment by default be awarded, and that plaintiffs have and recover, etc."

Shaw and Avera asked leave of the court, before the rendition of the judgment, to file the following pleas : 1. The general issue. 2. Fraud and misrepresentation. 3. That the notes sued on contemplated payment in Confederate money, which at the time of their execution was greatly depreciated, and that plaintiffs ought to recover only the value of said Confederate money as compared with specie currency. An affidavit as to the truth of the second and third pleas was made by Shaw. Defendants in error moved to reject the affidavit, because it did not state that the parties had a meritorious defence. The motion was sustained, the affidavit rejected, and plaintiffs in error were refused leave to file their pleas. To this plaintiffs in error excepted, and tendered their bill of exceptions.

A judgment by default having been rendered against plaintiffs in error for the amount claimed in the declaration, they sue out a writ of error to this court. The errors assigned are stated in the opinion of the court.

*Fulton Anderson,* for plaintiffs in error, cited *Tomlinson* v. *Hoyt,* 13 S. & M. 515.

No counsel for defendants in error.

SHACKELFORD, C.J., delivered the opinion of the court.

This was a proceeding by attachment in the Circuit Court of Wayne county.

It appears from the record that the attachment was sued out to the March Term, 1866, thereof, before a justice of the peace, at the instance of Alfred Brown, as administrator of the estate of John C. Patton, deceased, and in his name alone, having made oath that the defendants Shaw and Avera were indebted to the estate of John C. Patton in the sum of $3,240.65, alleging that " Shaw hath converted or is about to convert his property into money or evidences of debt, with the intent to place it beyond reach of his creditors, and that said Avera is about to remove himself or his property out of this State."

The declaration in the case was filed at the next September Term, 1866, when judgment was rendered against plaintiffs in error. To reverse this judgment the case is here for revisal by writ of error.

There was a demurrer filed to the declaration by plaintiff in in error, Shaw (he being the only party served with process), at the September Term, 1866, of the court, for a variance between the attachment, which was against Shaw and Avera, and the declaration, defendant Avera not being joined as a co-defendant in the declaration.

At the same term of the court, the plaintiff below confessed the demurrer, and leave was given him to amend his declaration, which he did by making the plaintiff in error, Avera, a co-defendant with Shaw. To this amended declaration Shaw filed a plea in abatement, traversing the grounds upon which the attachment was issued, in conformity with the statute.

At the same term the plaintiff in error, Avera, filed a special demurrer to the amended declaration, on account of a variance between the writ of attachment and the declaration ; the attach-

ment having been sued out in the name of Alfred Brown, administrator of Patton, deceased, and the declaration being in the name of Alfred Brown, administrator, and Mary Patton, administratrix, of the estate of John C. Patton, deceased, as plaintiffs.

The demurrer of Avera was overruled by the court, and leave given to plead.

On the same day of the September Term, 1866, of the court on which this demurrer was overruled, a motion was made by the counsel of defendants in error to strike out the plea in abatement of Theodore Shaw. 1. "Because it is a plea to the jurisdiction after the defendant had pleaded to the action." The second and third causes assigned are in effect the same as the first, only varying in the language.

This motion was sustained by the court. To the judgment of the court in sustaining the motion, plaintiffs in error at the time excepted, which was allowed by the court.

This ruling of the court in striking out this plea is made the ground of error for the first assignment, which is, that "the court erred in striking out the plea of the defendant Shaw."

Defendant in error read to the court the declaration demurred to, the demurrer, and the plea in abatement, on the hearing of this motion.

It is difficult to conjecture upon what principle of law the court rejected this plea.

The plea was a response to the grounds alleged for the issuance of the attachment. However defective a plea may be in form, if it be appropriate to the form of action, and goes to the substance of it, it will be error to strike it out. *Smith* v. *Commercial Bank*, 6 S. & M. p. 83.

It is manifest from the motion to strike out the plea, that if the grounds relied upon by counsel for striking out this plea in abatement are alone to be found in the defective declaration and the demurrer thereto, we are unable to discover them.

The court seems to have overlooked the fact that the demurrer of Shaw was confessed by the defendants in error, and the objectionable portions in the declaration amended. After the

declaration was amended to meet the objections to it, it was no longer the same declaration: it was to all intents and purposes a new declaration, which had neither been demurred to nor pleaded to. It was unquestionably the right of Shaw to plead either in abatement or to the merits.

The attitude of this case before us, before the plea in abatement of Shaw was filed, is analogous to the case of *Sumner* v. *Foote*, 28 Miss. 671, and is to be governed by the ruling of this court in that case, which was, "Where plaintiff finds it necessary to amend his pleadings after a *judgment* by *default*, and *execution of a writ of inquiry* to enable him to recover, he thereby gives the other party a right to plead, as he could have done in the first instance, to the action."

It was error in the court to strike out the plea in abatement of Theodore Shaw.

The second assignment of error is, that "the court erred in overruling the demurrer of Avera."

Counsel for appellants failed in his brief to argue this assignment of error. We are at a loss to know whether he intended to abandon this assignment, or not. Inasmuch as the record plainly shows the grounds of error assigned, we will dispose of it.

The writ of attachment shows the non-joinder of one of the plaintiffs mentioned in the declaration. Mrs. Mary Patton was a material party, and should have appeared as a co-plaintiff in the writ of attachment and affidavit, as well as in the declaration.

For this reason we think the special demurrer of Avera should have been sustained by the court, and leave given to defendants in error to amend their affidavit and writ of attachment. After the striking out of Shaw's plea and the overruling of Avera's demurrer, under the leave given them to plead to the merits, Shaw filed an affidavit of merits.

A motion was made by counsel for defendants in error to reject this affidavit, "because the affidavit does not say on its face that the defendant has a meritorious defence."

Theodore Shaw et al. *v.* Alfred Brown et al.

This motion was sustained by the court for the reason assigned, we suppose.

Exceptions were taken to this opinion of the court, and its action in this particular is made the grounds for the third assignment of error.   The affidavit is made part of the record by the bill of exceptions; it clearly sets out the grounds of their defence, the court was fully advised of the character of the defence by the affidavit, and if they were insufficient he should have rejected the affidavit on that ground alone.   The affidavit shows good grounds of defence, and the court erred in rejecting it.

The fourth " and fifth " assignments of error are that the court erred in refusing to allow Shaw and Avera to plead.

The plaintiffs in error tendered to the court with the affidavit of Shaw a number of pleas — non assumpsit, and special pleas — setting out the grounds of defence mentioned in the affidavit.

No demurrer of Shaw had been overruled.   If his plea in abatement was not allowable, he had not placed himself in a situation which required him to file an affidavit of merits before he should be permitted to plead to the merits of the action.   He had an unquestionable right to plead to the action any plea he saw proper to the merits, without leave of the court.

The action of the court in refusing Shaw the right to plead, or to file his pleas tendered, cannot be sustained by any rule of pleading.   It was an arbitrary proceeding, outside of the law.

The pleas of Avera (they were in the name of both plaintiffs in error) should have been filed; they show a meritorious defence, and it was error in the court to refuse permission to him to file them.

For these errors the judgment by default should be set aside.

Let the judgment be reversed, and the case remanded for a new trial.