T. D. HARRIS *v.* THE STATE TO USE OF RANKIN COUNTY.

1. SHERIFF. *Bond as tax-collector.*
   The Code of 1871 requires a sheriff to give bond as tax-collector, but does not prescribe the time when it shall be given, nor the penalty thereof.

2. SAME. *Default as tax-collector.*
   A sheriff will be liable, on his bond as tax-collector, for any default occurring after it is given and approved, although it may not have been executed till several months after the commencement of his term of office.

3. SAME. *Sued as tax-collector. Defense. Case in judgment.*

   S. was elected sheriff for the term commencing on January 1, 1874, and entered upon the duties of his office of sheriff and tax-collector accordingly, but did not give his bond as tax-collector till October 17, 1874. The bond was duly approved. S. afterwards made default in collecting and paying over county taxes. He and his sureties were sued upon his bond, and the latter defended upon the ground that by his failure to give bond at the proper time the office of tax-collector became vacant; and that, under such circumstances, it was illegal for the state to accept the bond, and, its execution and approval being illegal, there could be no recovery upon it. *Held,* that this was not a good defense.

ERROR to the Circuit Court of Rankin County.

Hon. S. S. CALHOON, Judge, specially presiding, by exchange with Hon. A. G. Mayers.

This action was brought in the name of the state, to the use of the Board of Supervisors of Rankin County, against Martha Shelton, administratrix of the estate of Henry F. Shelton, deceased, formerly sheriff and tax-collector of that county, and his sureties on his bond as tax-collector. Shelton was elected in November, 1873, to the office of sheriff for the ensuing term, commencing on January 1, 1874, but did not execute his bond as tax-collector till October 17, 1874. The plaintiff's declaration claimed that Shelton had failed to pay into the county treasury a large amount of taxes collected by him after October 17, 1874, for county purposes, or that he had neglected to collect the same. The sureties pleaded:

1. The general issue.

2. That the bond was unauthorized and against public policy.

3. That it was without legal consideration.

4. That at the time of the execution of the bond the office of tax-collector of said county was vacant, and the bond, therefore, a nullity.

5. That the consideration of the bond was illegal and against public policy, because at the time of the execution of the bond the office of tax-collector was vacant, and the consideration was that Shelton should take possession of the office without

authority of law, and exercise its functions against public policy.

The plaintiff took issue upon the first plea, and demurred to the others. The demurrer was sustained, and a verdict and judgment were rendered against the defendants. T. D. Harris, one of the sureties, sued out this writ of error. The action of the court in sustaining the demurrer is assigned for error.

*Lowry & McLaurin,* for the plaintiff in error.

1. The consideration of a sealed instrument may be impeached by a special plea. Code 1871, sec. 605.; *Candiff* v. *Thigpen,* 30 Miss. 180.

2. If it be insisted, as held in *French* v. *The State,* 52 Miss. 759, that a tax-collector is not required to give any other bond than as sheriff, then the bond in this case was voluntary, and without valuable consideration. *The State* v. *Bartlett,* 30 Miss. 624.

3. The bond, or bonds, which a sheriff is "required by law" to execute must, under section 319 of the Code of 1871, be executed on or before the commencement of his term of office; otherwise, the office becomes vacant. *Carleton* v. *Osgood,* 6 How. 295; *McComb* v. *Ellett,* 8 Smed. & M. 519. And the tax-collector's term of office commences at the same time with the sheriff's term. "A tax-collector's bond executed fourteen months after the commencement of the term of office is void." *DeSoto County* v. *Dickens,* 34 Miss. 150.

The office in this case having become vacant, it was a violation of law for the sheriff to assume the discharge of the duties thereof. Code 1871, sec. 317. The consideration of the bond was that the officer should usurp the office, and enter upon the duties thereof, in violation of law. Upon these terms the bond was accepted by the state. The transaction was illegal, and the state, being a party thereto, cannot maintain an action upon the bond. *Deans* v. *McLendon,* 30 Miss. 343.

*Frank Johnston,* on the same side.

1. No such bond as that sued on was either authorized or required by statute. The sheriff's right to the office of tax-collector was complete without the bond. It was, therefore, without consideration. *The State* v. *Bartlett*, 30 Miss. 626.

2. The bond was given more than nine months after it should have been given, by the repealed statute, assuming it to be in force. *DeSoto County* v. *Dickens*, 34 Miss. 150.

*A. J. McLaurin* and *Frank Johnston* argued the case orally for the plaintiff in error.

*G. E. Harris*, Attorney-General, for the defendant in error.

If Shelton was *de-jure* tax-collector of Rankin County, his failure to execute the bond at the proper time did not vacate the office, because the statute did not prescribe the time when the bond should be executed. And if such failure had even worked a forfeiture, or created a vacancy (which it did not), then the acceptance of the bond and its approval was a waiver of the vacancy or forfeiture.

But if he was merely a *de-facto* officer and a usurper, and the authorities permitted the usurpation to continue, he cannot now, after having performed the functions of the office, and collected the money and retained it, deny his title to the office; nor can his sureties deny his title to the office, or their obligation on his bond. By recent decisions of our Supreme Court, the questions involved in this case have been adjudicated in almost every conceivable form in which they can be presented. *Byrne* v. *The State*, 50 Miss. 693; *French* v. *The State*, 52 Miss. 759; *Taylor* v. *The State*, 51 Miss. 79; *Cooper* v. *Board of Supervisors*, 53 Miss. 625.

*G. E. Harris*, Attorney-General, also made an oral argument.

SIMRALL, C. J., delivered the opinion of the court.

The plaintiff in error contends that the bond sued upon is invalid, because it was illegal to have executed it; second, that it is without consideration, and, therefore, not binding.

It seems to have been conceded by the counsel for the ob-

ligors that the cases of *Byrne* v. *The State*, 50 Miss. 690, *Taylor* v. *The State*, 51 Miss. 79, and *Cooper* v. *The State*, 53 Miss. 625, either in principle or the reasoning, stand in the way of the positions asserted; but these cases are opposed, it is said, to the earlier decisions *(McNutt, Gov.,* v. *Lancaster,* 12 Smed. & M. 570, *Tucker* v. *Hart,* 23 Miss. 548, *DeSoto County* v. *Dixon,* 34 Miss. 150, and especially *The State* v. *Bartlett,* 30 Miss. 62), which lay down the law correctly.

*French's Case,* 52 Miss. 759, pointed out a most serious embarrassment in the revenue statute, from an inadvertent omission to reënact a portion of the Code of 1857, on the subject of the tax-collector's bond. French had made a bond as sheriff, and the ruling was that, the Code of 1871 not having declared the failure to give the tax-collector's bond cause of forfeiture of the office of sheriff, he would not for that reason be ousted from office. There was also a *dictum* in the judgment of the court that sheriffs who had given bonds as tax-collectors were bound thereby.

A careful perusal of chapter 22 of the Code clearly indicates the legislative will that the sheriffs, as tax-collectors, shall give bonds. Thus, section 1725 directs suit on the tax-collector's bond for a failure to pay into the state and county treasuries the taxes collected by them. So, section 1752 directs suit to be brought on the collector's bond, against principal and sureties, for a failure or omission to collect the taxes.

Whilst there is a clear expression that bonds must be given for the good conduct of the officer, the Code is silent as to the time and the penalty. All other particulars are provided for. Section 309 prescribes the form of all official bonds, but out of abundant caution enacts that all (such) bonds shall be binding, in whatever form taken, so far as they may not be conditioned for the performance of acts in violation of the laws and policy of this state. If the bond omitted the penal sum altogether, but contained a covenant for the due and faithful performance of the duties imposed by law, it would hardly be said, in view of the statute, that it would not be obligatory.

The penalty has no other effect than to limit the liability of the sureties. They undertake for the good conduct of the principal; the penal sum is the maximum that they agree to pay.

It is impossible to say that, within the purview and intendment of such legislation as this, it was illegal for Shelton to have executed the bond; and that the state, as insisted by counsel, having participated in the illegal transaction, cannot maintain an action upon it. Unmistakably the allusion in the statute was to the bond for the indemnity of the state and county. Shelton and his sureties so understood it; so did those appointed by law to accept and approve it. It was so understood and acted upon throughout the state.

The idea pervades the legislation respecting the public revenue that two indemnities or securities were provided for the protection of the state and county: one was a bond with sureties, the other was to indict and punish certain derelictions of duty as misdemeanors.

There is no foundation in the law for the position that the bond is invalid if not given on a precise day, or within a certain period of time. The bond was given before the defaults complained of were committed. It was executed by the obligors, and accepted by those who represented the state, as security for the due collection and accounting for the taxes due to the state and county. It does not lie in the mouths of the plaintiffs in error to say that Shelton ought to have made it earlier. The obligee was content to accept it then. The delay in the performance of a continuous duty is not a matter of just complaint by him on whom its doing rested. The other party might complain — he surely cannot.

*Lancaster's Case*, in 12 Smed. & M. 570, was decided under a statute which, as construed by a majority of the court, made the tax-collector a trespasser, liable to whomsoever he may have collected taxes from. "All his acts and proceedings under color of office were absolutely null and void," and "he would (in doing them) be guilty of a misdemeanor."

In *Tucker* v. *Hart*, 23 Miss. 548, the objection which the court took to the form of the bond is cured by section 307 of the Code, above cited. *DeSoto County* v. *Dixon*, 34 Miss. 150, is rested for authority on *McNutt* v. *Lancaster*. The State v. *Bartlett*, 50 Miss. *supra*, is rested on the reason that the statute did not require a bond.

Great strength is given to these views by section 1376, which provides that, when a special tax may be levied for county purposes, the Board of Supervisors may require the collector to give bond for the faithful collection and payment of the same.

This bond was given in this condition of law. The Legislature does not in express words prescribe the time when it shall be given, nor the penalty, but it does in express terms recognize that the bond must be executed; and liability was incurred for nonfeasance or misfeasance.

It would be shocking to reason to hold that the bond of a public officer was void because not executed within the time named in the statute, if he afterwards made the bond and continued to perform his official duties. As we said in *The State* v. *Cooper*, *supra*, it is much more reasonable and consonant to justice to hold, where such omission is cause of forfeiture, that the state, because the bond had been executed, had waived her right to proceed against him, and permitted him to continue in office, for the reason that he furnished security for good conduct. But that question is not involved in this case.

We are of opinion that the judgment of the Circuit Court is right, and it is affirmed.