# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

APRIL TERM, 1879.

---

THE STATE, USE, ETC. *v.* J. P. MATTHEWS ET AL.

1. SHERIFF'S BOND. *Default as tax collector.*
   The sureties on a sheriff's bond, under Code 1871, § 219, are liable for his default as tax collector, although he has given a tax collector's bond not required by law. *Harris* v. *State*, 55 Miss. 50, explained.

2. SAME. *Release of sureties. New bond under Code 1871, § 316.*
   Such sureties are not released, nor are additional sureties bound, by erasing the names of the former and substituting those of the latter by direction of the board of supervisors.

ERROR to the Circuit Court of Lincoln County.

Hon. J. B. CHRISMAN, Judge.

This was an action on the sheriff's bond, for his default for the taxes of 1872, against J. P. Matthews, R. W. Millsaps, and Jas. A. Hoskins, his sureties. The declaration alleged that John D. Moore, now a non-resident, was elected sheriff of Lincoln County, and on Dec. 30, 1871, executed the bond, jointly with Millsaps, Hoskins, M. Lowenthall, and J. W. Burnett, each of the last two placing opposite his name $2,000; that this bond, which was conditioned for the faithful performance of "all the duties of the office of sheriff" during the two succeeding years, was accepted and approved; that afterwards, on Sept. 2, 1872, on the application of Lowenthall and

Burnett to be released from the bond, the sheriff appeared before the board of supervisors and tendered J. P. Matthews who justified for the sum of $4,000, as surety in place of the applicants; that thereupon the clerk, in the presence of Matthews and the board, drew a red line through the names of the petitioning sureties, and Matthews signed and sealed the bond, and that the board by its order discharged Burnett and Lowenthall and accepted Matthews.

A demurrer by Matthews, on the ground that he did not, either by signing the bond or by the action of the board of supervisors, become liable as co-obligor, was overruled, and the defendants filed pleas. Millsaps and Hoskins pleaded, (1) that Moore gave two bonds as tax collector for the same term as his sheriff's bond, with different sureties, which were before the alleged default received and approved by the proper authorities, and that they signed the bond sued on with the intent to cover his acts as sheriff, and not as tax collector; (2), (3), and (4), that the board released the sureties on the bond in suit, prior to the collection of any of the taxes, by its action in substituting Matthews for Lowenthall and Burnett, and (6) that Moore was not sheriff of Lincoln County for the term named in the declaration, because he never qualified as such by executing the required bond. Demurrers by the plaintiff to these pleas were overruled, and replications were filed putting them in issue. Matthews's pleas, demurrers to which were overruled, were the same, with the addition that the bond was without consideration as to him, and that Moore never collected the taxes as alleged; and issue was joined on them.

On the trial, the plaintiff produced the bond sued on, and the county treasurer's certificate, showing that $3,570.91 of the county taxes for the fiscal year 1872 remained due and unpaid from Moore, the sheriff and tax collector. To the reading of each paper the defendants objected; their objections were overruled, the papers were read, and the plaintiff rested. The defendants then introduced the two tax collector's bonds, and the proceedings of the board of supervisors touching those bonds and the sheriff's bond, testified that Millsaps signed the sheriff's bond under the common understanding that it did

not cover Moore's duties as tax collector, and with evidence to show that the county treasurer's certificate was not made from the corrected roll delivered to the sheriff, but was taken from an incomplete roll, and based on an adjustment made shortly before the trial, and contained inaccuracies, rested, and moved to exclude all the plaintiff's evidence; which motion was sustained. The verdict and judgment were for the defendants. A motion for new trial was overruled, and the plaintiff brought up the case.

*R. H. Thompson*, for the plaintiff in error.

1. The sureties on a sheriff's bond, given when no special bond as tax collector was required, are liable for a default in paying over county taxes collected. *Byrne* v. *State*, 50 Miss. 688; *Taylor* v. *State*, 51 Miss. 79; *French* v. *State*, 52 Miss. 759. The condition of the bond sued on is broad enough to cover the collection of taxes as a function of the office of sheriff. Code 1871, § 309. If the sureties are so liable, the fact that the sheriff executed and the board of supervisors accepted a bond not required by law cannot release them.

2. Millsaps and Hoskins were not released by the action of the board. If their action was valid, Burnett and Lowenthall were released, and Millsaps and Hoskins still held; if void, the bond remains as it originally was. The doctrine that the release of one surety releases all does not apply in this State to sureties on official bonds. Hoskins and Millsaps have not been released in the manner pointed out by the statute, Code 1871, § 316, and therefore have not been released at all. If either defendant was liable, the court erred in excluding the evidence. Nor was this affected by the defendants' evidence. The court could not say that their witnesses were credible.

*J. F. Sessions*, for the defendants in error, Millsaps and Hoskins.

1. The sureties on a sheriff's bond are not liable for his defalcation as tax collector. Although it was held in *French* v. *State*, 52 Miss. 759, that a sheriff is *ex officio* tax collector, yet a separate office is attached. *Byrne* v. *State*, 50 Miss. 688. A bond given by the sheriff as tax collector, in the absence of any statute requiring it, will be upheld. *Harris* v. *State*,

55 Miss. 50. Even if this bond had contained the condition to perform all duties incident to the office of sheriff, which it does not, still the suit could not be maintained for default in the special duties of tax collector. *State* v. *Mayes*, 54 Miss. 417; Code 1871, § 309. The remedy in this case, under the decisions cited, was plainly on the tax collector's bond, and there cannot be a remedy on both bonds.

2. No sheriff's bond existed after Moore was required by the order of the board to give a new bond and failed to comply, except by substituting Matthews for the sureties who had applied to be released. The order required by Code 1871, § 316, was made, and the erasure of two names and substitution of another not being a compliance, the statutory result was that the office became vacant. Moore was thereafter only an officer *de facto*, and the only bond was that of Matthews. At all events, the release of Burnett and Lowenthall operated as a release of their co-sureties, who had no notice of the proceeding. *Oneale* v. *Long*, 4 Cranch, 60; *Speake* v. *United States*, 9 Cranch, 28; 1 Parsons on Contracts, 27. The risk cannot be thus increased without the surety's consent. *Lipscomb* v. *Postell*, 38 Miss. 476.

*W. P. Harris*, for the defendant in error, Matthews.

1. The sureties were, by force of the statute, relieved from further liability, when the board of supervisors, under Code 1871, § 316, required a new bond. It was not their duty to see that the board took such bond; nor were they responsible for the means used to protect the public. The relief given by the statute does not depend on the validity of the new bond. The sureties on the old bond remain liable for all defaults up to the time of the action of the board, but not beyond. Whatever may be said of the legislative power to pass a law by which one or more of the sureties on official bonds are discharged, leaving the others bound, the legislature has not made such an unreasonable law. The law does not contemplate additional sureties. *Lewenthall* v. *State*, 51 Miss. 645; *State* v. *Hull*, 53 Miss. 626. In California, under a statute like ours, the court held that a discharge of one surety operates to discharge all, and distinguished those statutes which give authority to demand additional or cumulative

security from those which authorize the sureties to obtain a discharge. *People* v. *Buster*, 11 Cal. 215.

2. It is neither alleged nor proved that the other sureties assented to the discharge of the two. Matthews never contemplated becoming sole surety, but signed, thinking the others were bound ; and if the board failed to take the proper steps to bind them, he is not bound. On the contrary, if we assume that Burnett and Lowenthall were not released, then there was no substitution of Matthews for them. It is not pretended that additional security was aimed at. If there was no release, there was no consideration for Matthews's signing. The case of Matthews is within the principle that a signing by one, on the consideration that others are to be bound with him, is void unless they are bound.

3. But if the court should hold that Matthews was grafted upon the old bond, there is the further defence that the suit should have been on the tax collector's bond. *French* v. *State*, 52 Miss. 767 ; *Harris* v. *State*, 55 Miss. 50. Parties signing the sheriff's bond must be understood to intend becoming liable on the bond, by reason of Code 1871, § 219, only. The legislative omission to require a tax-collector's bond cannot justify the court in giving the sheriff's bond a scope clearly not contemplated. The amount fixed by § 219 shows that the legislature never designed that bond to cover taxes. The section contemplates a sheriff's bond *eo nomine*, and so the sureties understood.

CAMPBELL, J., delivered the opinion of the court.

Under the Code of 1871, the sheriff was *ex officio* tax collector within his county. He was required by § 219 to execute a bond, conditioned as prescribed, and he was not required to execute a bond for the performance of his duties as tax collector. *French* v. *State*, 52 Miss. 759. It follows that the bond given by a sheriff was a security for the faithful discharge of all the duties pertaining to such office. Although this may not have been the understanding of the obligors, it was the legal scope of the bond required of sheriffs. As the sheriff's bond was a security for his duties as tax collector, it did not cease to be such by the execution by the sheriff of other bonds,

conditioned specifically for his performance of duty as tax collector. They did not narrow the scope of the first-mentioned bond.

In *Harris* v. *State*, 55 Miss. 50, we sustained an action on a bond executed by a sheriff as tax collector, on the ground that § 1376 of the Code of 1871 authorized the board of supervisors to require a bond of the collector for the collection of any special tax levied by it for county purposes; and as it might be true that the board had failed to exercise its right to require such bond because of the giving of the tax collector's bond sued on, under which the taxes levied by the board of supervisors had been collected, it was proper to regard the bond as having sufficient consideration to uphold it, as a security for county taxes. It was not decided in that case that the Code required of the sheriff any other bond than that prescribed by § 219. It is true, as stated in the opinion in that case, that there is abundant evidence in the Code of the legislative assumption of the fact that there was a tax collector's bond, but there is no requirement by the Code that a tax collector's bond should be given, except in the state of case provided for by § 1376.

Sect. 316 of the Code provides for the discharge of sureties on an official bond from further liability on their bond, as to the performance of all official duties, after the giving of such new bond as is therein provided for, which is " a new bond with other good and sufficient sureties, in a penalty not less than the first bond, and conditioned according to law." It is plain that a new bond, in a penalty not less than the first bond, is contemplated by this section. The obligors continue bound until their release according to law. The board of supervisors could not discharge a surety upon any other terms than those prescribed by law. Under the above-cited section, it was the approval of the new bond required, which discharged sureties from their liability on the former bond as to the future. The former bond was to be the security for the past, and the new bond for the future. That law did not contemplate substituted sureties to take the place of sureties discharged. It made no provision for releasing sureties by erasing their names, and substituting other

names in their stead.   The act of the board of supervisors in directing the clerk to erase the names of two of the sureties on the bond, and in accepting the name of Matthews, who offered himself as " additional security " for the sum of $4,000, as a substitute for the two sureties whose names were erased, was unauthorized and illegal, and did not have the effect to discharge Burnett and Lowenthall, and did not affect the liability of any of the obligors.   All the obligors remained bound as before ; and the act of Matthews in executing the bond did not make him a co-obligor in the bond, and liable as such, because it was not done in accordance with law.   Burnett and Lowenthall supposed they were discharged from the bond, but they were not.   They should have seen to it that a new bond was given, as this alone would discharge them.   *Stevens* v. *Allmen*, 19 Ohio St. 485.

It follows from these views that Matthews was not bound to the State on this bond, and that his demurrer to the declaration should have been sustained ; and that Millsaps and Hoskins were not discharged by the illegal blundering of the board of supervisors in undertaking to accept a substitute for two of the sureties and to discharge them.   As no recovery can be had in this action against Matthews, we assume that it will be dismissed as to him, and will not notice his pleas and the action of the court on the demurrers to them.   The demurrers should have been sustained to the first, second, third, fourth, and sixth pleas of Millsaps and Hoskins.   It was improper to exclude all the evidence from the jury.   It certainly tended to show the right of the plaintiff to recover of Millsaps and Hoskins.

*Judgment reversed and cause remanded.*