## T. M. Roberts and another v. The State.

1. Bail Bond.— A legal instrument is not invalidated by the omission of a word essential to its validity if the omitted word be clearly indicated by the context.
2. Same.— A bail bond was conditioned for the payment of " $500 five hundred ——," and its validity is contested on the ground that it expresses no sum of money. But *held* that the dollar-mark and figures sufficiently express the amount.

Error from the District Court of Travis. Tried below before John W. Robertson, Esq., Special Judge.

The opinion shows the material facts.

*John Dowell*, for the plaintiffs in error.

*H. Chilton*, Assistant Attorney General, for the State.

White, P. J. This writ of error is prosecuted from a judgment final by default rendered upon a forfeited bail bond. It is contended that the bond is an absolute nullity and void, and imposed no pecuniary obligation whatsoever, because in writing the amount for which the obligors were to become bound there is an omission of the word "dollars," and that consequently no sum of money was expressed. The portion of the bond embraced in the point made is in the following words and figures, viz.:

"State of Texas, County of Falls.

"I, Thomas M. Childers, as principal, and I, F. M. Roberts, and I, F. M. Childers and Edmund Pierson, as sureties, hold ourselves firmly bound to the State of Texas in the full and just sum of $500, five hundred —— to be paid in good and lawful money," etc.

It seems to be a rule founded in reason and law that the omission of an essential word, when clearly pointed out by the context, does not vitiate an instrument. *De*

*Soto* v. *Dickson*, 34 Miss. 150; *Kincannon* v. *Carroll*, 9 Yerg. (Tenn.) 11. In the case before us if the written words "*five hundred*" had been omitted, as well as the word *dollars*, we think the bond would still have been good for five hundred dollars, for that sum or amount is clearly expressed by the figures 500 and the dollar mark affixed, which also preceded the written words, as we have seen, in the body of the instrument. *Corgan* v. *Frew*, 39 Ill. 31; *Petty* v. *Fleischel*, 31 Texas, 169; Daniel on Nego. Insts. § 86.

There is no other question raised in the assignment of errors or brief of counsel which we feel called upon to discuss, since they have been decided heretofore in this State and decided adversely to the positions contended for. We see no error in the record, and the judgment is affirmed.

*Affirmed.*